**UNITED STATES of America**

v.

**Louis J. ZUGER.**

**Cr. No. N–84–21 (PCD).**

United States District Court, D. Connecticut.

June 18, 1984.

Michael Hartmere, Asst. U.S. Atty., New Haven, Conn., for plaintiff.

Zuger, defendant, pro se.

## RULING ON PENDING MOTIONS

DORSEY, District Judge.

Defendant is charged in two counts with willful and knowing failure to file income tax returns for the tax years of 1977 and 1978, in violation of Section 7203 of the Internal Revenue Code, 26 U.S.C. § 7203. The law as in effect during the tax years in question provides that, upon conviction for this misdemeanor offense, a person shall be fined not more than $10,000.00 or imprisoned not more than one year, or both, and shall be responsible for the costs of prosecution. At a bond hearing held May 24, 1984, after this matter was reassigned to the undersigned, the court determined to treat three documents filed by the *pro se* defendant as motions to dismiss directed to the jurisdiction and authority of the court to act in this matter. Defendant was given until June 11, 1984, to secure counsel, if desired, and file any further materials relating to the jurisdictional infirmities alleged in the three pleadings. As no counsel has appeared and nothing further has been filed by defendant, the motions are ripe for resolution.

Under date of April 1, 1984, defendant filed a document entitled "Special Appear-

ance" which, under the general head of "No Jurisdiction," asserted thirteen grounds or "counts" for his claim that the information must be dismissed. The first seven counts are variations on the theme that, inasmuch as Title 26,—and for that matter in excess of half the United States Code—has not been enacted into positive law under 1 U.S.C. § 204(a), it is not law at all, thus rendering null and void any proceedings or prosecution thereunder. This abstruse contention wholly misconstrues the nature of legislation and the significance of the codification of law.

■ Defendant asserts that, unless and until Congress enacts a title of the United States Code into positive law, the title and all provisions contained therein are of no legal force. A necessary corollary to this transparently semantic argument is that a majority vote of the respective houses of Congress on a resolution reported out by the appropriate committee or committees does not make law. Such a notion, anathema to any rational legislative process, is totally inconsistent with the process contemplated by the constitution. Instead, a piece of legislation takes effect according to its terms when Congress properly approves a bill and the President either signs it, fails to object within ten days, or vetoes it but Congress overrides the veto. This, and only this, is legislation or statutory law.

■ Codification of existing legislation is an entirely different, subsequent and largely ministerial matter, directed towards the proper and commendable goal of collecting the multitude of congressional enactments in force and organizing them in a readily-accessible manner. The "United States Code" is, of course, such a codification. Acts of Congress do not take effect or gain force by virtue of their codification into the United States Code; rather, they are simply organized in a comprehensive way under the rubric of appropriate titles, for ready reference.

■ Nor does the enactment into "positive" law of a title of the United States Code make or unmake the efficacy or force of a duly-enacted law. Instead, congressional enactment of a title of the United States Code, as such, into positive law is relevant only to the question of whether the contents of that Code title itself, as such, are to be deemed to constitute full and faithful reflections of the law in force as Congress has enacted it. Where a title has not undergone the mystical-sounding ritual of "enactment into positive law," recourse to the numerous volumes of the statutes at large or other records of congressional proceedings is available in case a question arises as to the accuracy of the version of the law as reflected in the Code vis-a-vis the law as enacted by Congress. Where a title has, however, been enacted into positive law, the Code title itself is deemed to constitute conclusive evidence of the law; recourse to other sources is unnecessary and precluded.

■ Thus, a codification is evidence of law as Congress enacted it. Enactment into positive law only affects the weight of that evidence. Congress has set all of this forth for a law now codified in language somewhat more technical than the above at 1 U.S.C. § 204(a). Under this section, and as plainly explained in defendant's own Exhibit 5 appended to his motion, whenever a title, as such, is enacted into positive law, the text of that title constitutes *legal evidence* of the laws contained in that title. In construing a provision of such a title, a court may neither permit nor require proof of the underlying original statutes. Where, however, a title, as such, has not been enacted into positive law, then the title is only *prima facie* or rebuttable evidence of the law. If construction of a provision to such a title is necessary, recourse may be had to the original statutes themselves. 1 U.S.C. § 204(a). *See United States v. Welden*, 377 U.S. 95, 84 S.Ct. 1082, 12 L.Ed.2d 152 (1964).

■ Thus, the failure of Congress to enact a title as such and in such form into positive law—the criteria for such a determination being those detailed in defendant's Exhibit 6—in no way impugns the

validity, effect, enforceability or constitutionality of the laws as contained and set forth in the title. Defendant's argument that Title 26 is without legal force is therefore specious. The remaining assertions in defendant's April 2 pleading need not detain the court. While the constitution does not, as defendant notes, explicitly refer to nor create an Internal Revenue Service, that fact cannot be said to preclude congressional delegation of tax-collecting authority to an executive agency, such as the IRS. There is nothing improper in the prosecution of this action.

■ The fact that the undersigned's salary is paid by the United States neither dictates nor suggests the need for recusal under 28 U.S.C. § 455(a) ("Any justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned"). The court has no doubt concerning its impartiality and finds no reasonable person with knowledge of the facts would come to any different conclusion. Disqualification on such a basis would not be restricted to any one judge, but would mean that no federal judge could preside over the trial of a federal offense. If such claim were not dismissed as farsical, on its face, it would further violate the time-honored Rule of Necessity, *United States v. Will,* 449 U.S. 200, 101 S.Ct. 471, 66 L.Ed.2d 392 (1980), whereby a judge is not disqualified to try a case because of personal interest if there is no other judge available to hear and decide the issue. Finally, defendant's comments regarding the lack of equitable jurisdiction appear misdirected in this criminal prosecution. To the extent the "Special Appearance" filed April 2, 1984, purports to challenge the jurisdiction of this court, it is denied.

Both the "Special Appearance" filed April 18, 1984, and the "Stay and Order" filed April 23, 1984, are based on the pendency of the challenge decided above. Deemed also to be motions, both are denied as moot.

■ Defendant's assumption in his "Notice," filed June 13, 1984, that all proceedings are stayed pending the resolution of his appeal, is quite erroneous. Effective this date with the issuance of this order, the case shall proceed. Jury selection is scheduled as per a previously issued calendar for June 26, 1984, at the Hartford seat of court. For defendant's convenience, the status conference originally scheduled for June 28, 1984, shall be held at 8:30 a.m. on June 26, 1984, the date of jury selection. Trial, on a date to be confirmed either by subsequent calendar or on the day of jury selection, shall commence shortly thereafter.

SO ORDERED.