Irwin A. SCHIFF, Petitioner,

v.

UNITED STATES of America,
Respondent.

Civ. Nos. N–84–242 (WWE),
N–84–243 (WWE).

United States District Court,
D. Connecticut.

Oct. 19, 1984.

Benson A. Snaider, New Haven, Conn., for petitioner.

Frank Santoro, Asst. U.S. Atty., New Haven, Conn., and Peter Sklarew, Tax Div., U.S. Dept. of Justice, Washington, D.C., for respondent.

RULINGS ON PETITIONS TO QUASH
AND RESPONDENT'S MOTION FOR
SUMMARY DENIAL OF PETITIONS,
ENFORCEMENT OF SUMMONSES,
AND AWARD OF ATTORNEY'S
FEES AGAINST PETITIONER'S
COUNSEL

EGINTON, District Judge.

The petitioner, Irwin A. Schiff (taxpayer), has filed a petition to quash two Inter-

nal Revenue Service summonses served upon the American National Bank and the Connecticut Bank and Trust Company. The respondent has filed a cross motion for summary denial of the petitioner's motion, for summary enforcement of the two summonses, and for an award of attorney's fees against petitioner's counsel.

This court has jurisdiction pursuant to 26 U.S.C. § 7609(b). The respondent has met its burden of establishing a prima facie case for the enforcement of the summonses by its filing of an affidavit by the agent seeking enforcement. *Godwin v. United States*, 564 F.Supp. 1209 (D.Del. 1983). The burden then shifts to the petitioner to either rebut the respondent or to demonstrate that enforcement of the summonses would be an abuse of process or otherwise improper. *Id.* at 1213.

The petitioner asserts numerous grounds to meet its burden. First, he contends that the summonses were issued for the illegal purpose of accumulating evidence for a criminal prosecution. This argument is without merit. Under the "bright-line" test established by the Tax Equity and Fiscal Responsibility Act of 1982, Pub.L. No. 97–248, 96 Stat. 324 ("TEFRA"), a summons may be issued for a criminal purpose as long as there was no Department of Justice referral. *Godwin v. United States*, 564 F.Supp. at 1211. The Declaration of Revenue Agent Cingo clearly states that there has been no Justice Department referral under 26 U.S.C. § 7602(c) in this case. In addition, the summonses were issued in order to determine petitioner's tax liabilities for the year 1979, a purpose which is of a legitimate nature.

Second, petitioner asserts that 26 U.S.C. § 7602(b) is unconstitutional in that it is overly broad, vague and unenforceable. This argument is also without merit. Section 7602(b) clearly defines the scope of an administrative summons. It puts the taxpayer on notice that an administrative summons may be used to investigate any violations of the Internal Revenue Code as well as for the purposes enumerated in §§ 7602(a)(1), 7602(a)(2), 7602(a)(3). *Reed v. United States*, 54 AFTR2d 84–5336 (1984). Section 7602(b) is also not overly broad. To determine whether a statute is overly broad, it must be determined whether the enactment reaches a "substantial amount of constitutionally protected conduct." *Village of Hoffman Estates v. The Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982). Section 7602(b) does not create any new offense, nor does it restrict the scope of petitioner's conduct. It merely clarifies the circumstances under which the I.R.S. may investigate a taxpayer's return or failure to file a return. *Reed v. United States*, 54 AFTR2d 84–5336 (1984).

In addition, the petitioner's Fourth and Fifth Amendment rights have not been violated. He possesses no Fourth Amendment interest in the bank records. *United States v. Miller*, 425 U.S. 435, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976). It is also well settled that there is no self-incrimination privilege with respect to records in the hands of a third party, even where the records are owned by the party asserting the privilege. *Couch v. United States*, 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973).

The remaining grounds asserted by the petitioner are without merit and are unsupported by the law.

Accordingly, the petition to quash the summonses is DENIED. The respondent's motion to enforce the summonses is GRANTED. Because the court finds that the petition to quash was brought in violation of Fed.R.Civ.P. 11, it is ORDERED that the respondent file and serve upon the petitioner within 10 days from the date hereof an accounting of the expenses incurred and hours expended by the reason of the petition, together with a statement of respondent's hourly rates. Petitioner has until 10 days thereafter with which to respond.

SO ORDERED.