David Edwin **EDGERTON**, Plaintiff,

v.

Pat **SPINOLA**, Group Manager, Internal Revenue Service, Rudy's Limousine Service, and Roy Spezzano, President, and Richard W. Farrell, Attorney at Law, Defendants.

Civ. A. No. B–83–773 (RCZ).

United States District Court, D. Connecticut.

Aug. 16, 1985.

David Edwin Edgerton, pro se.

Albert J. Barr, Abate, Fox & Farrell, Stamford, Conn., for defendants Farrell and Spezzano.

Deborah S. Meland, Tax Div., Washington, D.C., Barry K. Stevens, Asst. U.S. Atty., Bridgeport, Conn., Gary P. Cahill, Farrell & Barr, Stamford, Conn., for defendants, Rudy's Limousine, Roy Spezzano and Richard W. Farrell.

## MEMORANDUM ORDER OF DISMISSAL

ZAMPANO, Senior District Judge.

Plaintiff David Edwin Edgerton, *pro se*, seeks the return of a $500 civil penalty plus interest imposed on him pursuant to 26 U.S.C. § 6682(a) (prohibiting filing of false information on income tax withholding forms). The penalty was collected through a levy placed on plaintiff's salary from defendant Rudy's Limousine Service ("Rudy's") by the Internal Revenue Service ("IRS"). Rather than file an action for refund pursuant to 26 U.S.C. § 7422, he

filed the instant "Demand for Tempory [sic] Injunction and Claim for Damages." It appears from the record that no claim for refund or credit has been duly filed with the IRS, which is a prerequisite to filing an action for refund. 26 U.S.C. § 7422(a). Because the complaint does not state a cause of action, it is hereby ordered dismissed.

The following assertions set forth in the complaint are assumed to be true. Plaintiff was assessed a $500 civil penalty by the IRS for reporting on a W–4 form that he was exempt from federal income taxes, when in the view of the IRS he was not exempt. On November 10, 1983, the IRS ordered defendant Roy Spezzano, the president of Rudy's, to levy upon the salary of plaintiff the amount of $513.13. This action was filed on December 21, 1983, and seeks the return of funds levied, an order preventing further collection from plaintiff, and unspecified damages.

On March 22, 1984, defendant Pat Spinola, an IRS Group Manager, filed a motion to dismiss. Judge Eginton granted that motion on April 13, 1984, for the reasons set forth in Spinola's moving papers and absent objection by plaintiff. No further action in this matter occured until the Clerk mailed on January 15, 1985, a notice pursuant to Local Rule of Civil Procedure 16(a) that the case was subject to dismissal. Plaintiff responded to the Rule 16 notice by asking that a default judgment be entered against all defendants except Spinola, or that the case be transferred to another judge of the Court. Plaintiff's Reply to the Notice to Counsel and Claim for Default Judgment (Feb. 4, 1985). A status conference was held on March 19, 1985, and Judge Eginton transferred the case to the undersigned on March 21, 1985.

This Court placed the case on the May trial calendar. Prior to the calendar call, the remaining defendants filed a motion to dismiss and a motion to adjourn jury selection. Plaintiff objected to that motion in a "Claim and Demand" dated May 10, 1985, and he further asked in a filing dated May 9, 1985, that Judge Eginton's order dismissing Spinola be vacated. Because of the motions filed by all parties prior to the calendar call, the Court orally continued the case at the call on May 13, 1985.

As to plaintiff's request that the order dismissing Spinola be vacated, the Court is normally reluctant to dismiss *pro se* complaints pursuant to Local Rule 9(a) for failure to respond to motions to dismiss. However, after careful examination of the papers submitted by both plaintiff and Spinola, the Court is satisfied that the complaint states no claim against Spinola. Suits for the recovery of taxes against collection officers are expressly barred by 26 U.S.C. § 7422(c).

Plaintiff's arguments that Spinola's actions were unlawful because, among other reasons, the Internal Revenue Code "is not now law," and because the sixteenth amendment is "null and void" have been rejected in each case, to this Court's knowledge, in which they have been raised. *See, e.g., Donald K. Williams and Nancy S. Williams Trust,* Civil No. H–84–1025 (D.Conn. Feb. 25, 1985) (ruling on motion to dismiss); *Upton v. Burke,* Civil No. N–84–254 (D.Conn. Nov. 28, 1984) (memorandum order of dismissal), *appeal dismissed,* 767 F.2d 908 (2 Cir.1985); *Schiff v. United States,* 628 F.Supp. 9 (D.Conn.1984); *United States v. Zuger,* 602 F.Supp. 889 (D.Conn.1984). Plaintiff's claim against Spinola has no basis in the law, and the motion to vacate the order dismissing Spinola is denied. Plaintiff retains whatever right to file an action for refund under 26 U.S.C. § 7422 that he may have had when this action was filed. *See Riley v. Commissioner,* 566 F.Supp. 21, 24 (S.D.Ohio 1983). If such an action is filed following an administrative appeal, it must be brought against the United States of America, and not against individual employees of the IRS. *Tibbetts v. Secretary of the Treasury,* 577 F.Supp. 911, 913 (W.D.N.C.1984).

As to the remaining defendants, Rudy's Limousine Service, its president Roy Spezzano, and its attorney Richard W. Farrell, it is clear that they simply obeyed

the lawful levy order of the IRS. Their action pursuant to the IRS levy order cannot form the basis for civil liability to plaintiff. For these reasons the motion to dismiss on behalf of these defendants is granted.

It is hereby ORDERED that the complaint be dismissed. The Clerk shall enter judgment for all defendants forthwith.