791 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DIANE HACKETT, Petitioner-Appellant
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 85-1558
 United States Court of Appeals, Sixth Circuit.
 4/21/86
 
 AFFIRMED
 U.S.T.C.
 ORDER
 BEFORE: KRUPANSKY and WELLFORD, Circuit Judges, and PECK, Senior Circuit Judge.
 
 
 1
 This matter is before the Court upon the appellant's motion to suspend the rules pursuant to Rule 2, Federal Rules of Appellate Procedure. The appeal has been referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record, appellant's motion and the briefs filed by the respective parties, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Diane Hackett is appealing the tax court's dismissal of her petition challenging a tax deficiency assessment. The appellant was seeking a redetermination of a deficiency notice disallowing her medical expense deductions, interest expense deductions, the deduction for contributions, and 'remaining itemized deductions' for the 1980 tax year. The resulting tax deficiency amounted to $3,029.00. The tax court dismissed her petition for failure to prosecute and for failure to comply with a discovery order. On appeal, Hackett makes three arguments. She contends the tax court acted in excess of its jurisdiction because the limitations period had expired and because Title 26 had not been enacted into positive law. In addition, she argues that her right to due process was violated because she was required to bear the burden of proof in challenging the tax deficiency. Finally, she argues that the dismissal was arbitrary and capricious.
 
 
 3
 The appellant resisted discovery attempts initiated by the IRS on the basis that the requests violated the 5th Amendment right proscribing compulsory self-incrimination, the 4th Amendment right prohibiting an unreasonable search and seizure, and the right to privacy. The appellant's claims in resisting discovery in the tax court are frivolous. The appellant has asserted these rights in a blanket conclusory fashion. As such, these arguments are meritless. McCoy v. C.I.R., 696 F.2d 1234 (9th Cir. 1983).
 
 
 4
 Hackett's argument regarding the limitations period is likewise without merit. She contends that a two year statute of limitations applies pursuant to 26 U.S.C. Sec. 6532(b). This case, however, is not an action under Sec. 6532 for recovery of an erroneous refund. This is an action pursuant to 28 U.S.C. Sec. 6501 for a tax deficiency as a result of a miscalculation of tax on the 1980 return. The statute of limitations for such an action is three years. 26 U.S.C. Sec. 6501. For the purposes of computing the statute of limitations, the 1980 tax return was filed on April 15, 1981. 28 U.S.C. Sec. 6501(b)(1). Since the notice of deficiency was served on March 6, 1984, the notice was issued in a timely fashion.
 
 
 5
 The appellant's argument regarding the validity of Title 26 is frivolous. The validity of Title 26 is not affected merely because it has not been codified as 'positive law'. Young v. I.R.S., 596 F.Supp. 141, 149 (N.D. Ind. 1984); United States v. Zuger, 602 F.Supp. 889 (D. Conn.) affirmed without opinion, 755 F.2d 915 (2nd Cir. 1985), cert. denied, 106 S.Ct. 38 (1985).
 
 
 6
 Furthermore, the appellant's argument regarding the burden of proof has been presented by many taxpayers and summarily rejected by the courts. Imposing the burden of proof upon the taxpayer in a deficiency proceeding does not violate the due process clause. Wright v. C.I.R., 752 F.2d 1059 (5th Cir. 1985); McCoy, supra.
 
 
 7
 The tax court did not abuse its discretion in dismissing the action. The appellant flatly refused to comply with the discovery orders and did not appear at the hearing regarding the motion to compel compliance with the discovery order. Therefore, the court had authority to dismiss the action pursuant to Rule 104(c)(3) and Rule 123(b), Rules of the Tax Court.
 
 
 8
 Finally, the tax court correctly assessed damages of $500.00 pursuant to 26 U.S.C. Sec. 6673. In the Tax Court petition, the appellant alleges that her wages during 1980 did not constitute income. This is clearly a frivolous argument. Perkins v. C.I.R., 746 F.2d 1187 (6th Cir. 1984). Further, as previously mentioned, the appellant's claims in resisting discovery are frivolous. The tax court did not abuse its discretion in holding that the suit was instituted primarily for delay.
 
 
 9
 Accordingly, it is ORDERED that the appellant's motion to suspend the rules is denied and the judgment of the tax court is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.