23 F.3d 409
 73 A.F.T.R.2d 94-2033
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dan VAN MANEN; Linda Van Manen, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-2333.
 United States Court of Appeals, Sixth Circuit.
 April 27, 1994.
 
 1
 Before: BOGGS and SILER, Circuit Judges, and TIMBERS, Senior U.S. Circuit Judge.*
 
 ORDER
 
 2
 Dan and Linda Van Manen (the Van Manens) appeal a district court judgment dismissing their complaint to quash six summonses issued by the Internal Revenue Service (IRS). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In the course of an audit of the Van Manens' tax records for the years 1987 through 1991, a tax auditor for the IRS, Linda Whalen, scheduled an appointment with the Van Manens and requested information from them. The Van Manens refused to meet with Whalen or to give her the requested information. Thereafter, Whalen issued six summonses, pursuant to I.R.C. Secs. 7602 and 7609, to three banks in Grand Rapids, Michigan, where the Van Manens resided. The summonses asked the banks to turn over to Whalen copies of documents relating to the Van Manens' accounts, loans, investments, safety deposit boxes, and other financial dealings with each bank for the years 1987 through 1991.
 
 
 4
 On March 1, 1993, the Van Manens filed their complaint to quash the summonses in the District Court for the Western District of Michigan, Southern Division, claiming: 1) that the tax auditor lacked the required delegated authority to issue the summonses; 2) that there are insufficient grounds to believe that the banks in this affair have relevant information; and 3) that they are not individuals liable for income taxes. On May 13, 1993, the district court entered a default judgment against the defendant because of the defendant's failure to plead or otherwise defend the action. Thereafter, on May 25, 1993, the defendant filed a motion to set aside the default judgment and a motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6). On August 20, 1993, the district court issued an opinion and judgment granting the defendant's motions to set aside the default judgment and to dismiss the case for failure to state a claim upon which relief could be granted.
 
 
 5
 On appeal, the Van Manens propound the same arguments they raised before the district court. In addition, they argue that the summonses violate a "privacy right," "invade [their] privacy," and are unsupported by "probable cause."
 
 
 6
 Upon review, we conclude that the district court properly dismissed the complaint. The Van Manens undoubtedly can prove no set of facts in support of their claims that would entitle them to relief. Allard v. Weitzmen (In re DeLorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir.1993); Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir.1993).
 
 
 7
 First, the district court properly dismissed the Van Manens' claim that the tax auditor lacked the required delegated authority to issue the summonses. Congress has authorized the Secretary of the Treasury to issue administrative summons to determine a person's tax liability. 26 U.S.C. Sec. 7602(a). The Treasury Secretary delegated this authority to the Commissioner of the IRS under 26 C.F.R. Sec. 301.7602-1(b) (1993). The IRS Commissioner, in turn, has delegated that authority to certain IRS employees, 26 C.F.R. Sec. 301.7701-9(b), including Internal Revenue Agents, Deleg.Order No. 4 (Rev. 20), Sec. 1(d)(3) (Feb. 15, 1990). Here, Whalen is a tax auditor with the IRS in Grand Rapids, Michigan. Thus, the summonses were issued pursuant to valid delegated authority.
 
 
 8
 Moreover, contrary to the Van Manens' claim, validity of the delegation of authority by the Treasury Department to the IRS does not depend upon publication. A Treasury Department order need not be published in the Federal Register. Van Sant v. United States, No. CIV.A 89-A-1872, 1990 WL 21279 at * 2 (D.Colo. Mar. 1, 1990), aff'd, No. 90-1057, 1990 WL 265081 (10th Cir. Aug. 2, 1990); see also 44 U.S.C. Sec. 1505(a). Further, the Delegation Order need not be published either. The Orders are contained in the Internal Revenue Manual and are easily accessible to members of the public.
 
 
 9
 Second, the Van Manens have presented no evidence to refute the government's showing that the requested information in the summonses was relevant to determine the Van Manens' tax liability. See United States v. Powell, 379 U.S. 48, 57-58 (1964).
 
 
 10
 Third, the Van Manens' jurisdictional argument is unavailing. It is a well established principle that the taxing power of the United States of America extends to every individual who is a citizen or resident of this nation. 26 C.F.R. Sec. 1.1-1(a)(1); Ponsford v. United States, 771 F.2d 1305, 1307 (9th Cir.1985); Dennis v. United States, 660 F.Supp. 870, 875 (C.D.Ill.1987); Templeton v. IRS, 650 F.Supp. 202, 204-05 (N.D.Ind.1985), aff'd, 808 F.2d 838 (7th Cir.1986). Moreover, the "jurisdictional" argument has been consistently rejected by the courts. See Dennis, 660 F.Supp. at 875.
 
 
 11
 Finally, the enforcement of an IRS summons does not violate the Fourth Amendment as long as the IRS has complied with the Powell requirements. United States v. McAnlis, 721 F.2d 334, 337 (11th Cir.1983), cert. denied, 467 U.S. 1227 (1984).
 
 
 12
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William H. Timbers, Senior Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation