37 F.3d 1509
 74 A.F.T.R.2d 94-6776
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James J. BOOTH, Plaintiff-Appellant,
v.
INTERNAL REVENUE SERVICE, Albuquerque District; Bernard
Barela, IRS District Director; Steve Gurule, IRS Group
Manager; Paul Fowler, IRS Revenue Agent; Carolyn Lanque,
IRS Revenue Agent, Defendants-Appellees.
 No. 94-2115.
 United States Court of Appeals, Tenth Circuit.
 Oct. 14, 1994.
 
 Before SEYMOUR, Chief Judge, MCKAY and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 On November 16, 1993, James J. Booth filed this suit in the United States District Court for the District of New Mexico against the United States, the Internal Revenue Service ("IRS"), and several IRS agents, contesting the assessment of more than $26,000 in tax deficiencies for the 1990, 1991, and 1992 taxable years. The district court dismissed for lack of subject matter jurisdiction. We affirm.
 
 
 3
 Mr. Booth did not file income tax returns for the years in question. His pro se complaint asserts jurisdiction under the Administrative Procedure Act, 5 U.S.C. 702, and 28 U.S.C. 1361. The district court concluded that Mr. Booth did not meet his burden of proving explicit waiver of sovereign immunity and that his asserted bases of jurisdiction were insufficient to invoke the court's jurisdiction. Mr. Booth claims on appeal that 1) respondents do not enjoy sovereign immunity; 2) respondents waived sovereign immunity; 3) the Anti-Injunction Act, 26 U.S.C. 7421, does not bar suit; 4) dismissal of the suit deprives him of several constitutional rights, including First, Fourth, Fifth, and Ninth Amendment rights; 5) he is not a taxpayer subject to the jurisdiction of the IRS; and 6) any judge who pays taxes should disqualify herself from cases involving federal taxes, pursuant to 28 U.S.C. 455(a) & (b). We review the district court's subject matter jurisdiction de novo. Fostvedt v. United States, 978 F.2d 1201, 1202 (10th Cir.1992).
 
 
 4
 The federal government is immune from suit absent explicit waiver. Id. (citing United States v. Dalm, 494 U.S. 596, 608 (1990)). Mr. Booth's naming of specific agencies or government agents such as defendants does not circumvent the federal government's sovereign immunity. National Commodity & Barter Ass'n v. Gibbs, 886 F.2d 1240, 1245-46 (10th Cir.1989); Atkinson v. O'Neill, 867 F.2d 589, 590 (10th Cir.1989). While the federal government can consent to suit and thereby waive sovereign immunity, Fostvedt, 978 F.2d at 1202-03, it has not done so in this case. On the contrary, the Anti-Injunction Act, 26 U.S.C. 7421(a), bars suits, such as this one, which seek to interfere with tax liability assessments before they are enforced. Lowrie v. United States, 824 F.2d 827, 830 (10th Cir.1987). Although Mr. Booth implies that the Anti-Injunction Act is invalid, this argument is frivolous and without legal merit. See Lonsdale v. United States, 919 F.2d 1440, 1448 (10th Cir.1990). Furthermore, this court has explicitly interpreted both 5 U.S.C. 702 and 28 U.S.C. 1361, Mr. Booth's two jurisdictional grounds, as inadequate waivers of governmental immunity. Lonsdale, 919 F.2d at 1444. Mr. Booth should have been aware of the inadequacy of these jurisdictional grounds because the same district court dismissed for lack of subject matter jurisdiction his previous and nearly identical case challenging the assessment of taxes for the 1984-1988 years. See Booth v. United States, 92-3 U.S. Tax Case (CCH) 1/2 50,407 (1992).
 
 
 5
 Mr. Booth also claims that the dismissal of this case for lack of subject matter jurisdiction violates his First Amendment right to petition the government for redress, Fourth Amendment right to be free from illegal seizures, Fifth Amendment due process and equal protection rights, and Ninth Amendment rights. We need not address these issues here. The Anti-Injunction Act deprives federal courts of subject matter jurisdiction in this suit, and constitutional claims will not avoid this conclusion. Lowrie, 824 F.2d at 830.
 
 
 6
 Mr. Booth also suggests that he is not a taxpayer and, therefore, the IRS is without legal authority to assess tax deficiencies. This argument is frivolous. Lonsdale, 919 F.2d at 1448.
 
 
 7
 Finally, Mr. Booth contends that as a United States taxpayer the district judge has a personal stake in the outcome of this case and therefore should have recused himself pursuant to 28 U.S.C. 455. While a judge must disqualify himself if "his impartiality might reasonably be questioned," 28 U.S.C. 455(a), if he "has personal bias or prejudice," 28 U.S.C. 455(b)(1), or if he has a "financial interest" or any "other interest" in the proceeding, 28 U.S.C. 455(b)(4), the judge's mere status as a taxpayer does not implicate any of these statutory sections. The standard for impartiality under 28 U.S.C. 455 is an objective one, requiring recusal only if " 'a reasonable person, knowing all relevant facts, would harbor doubts about the judge's impartiality.' " United States v. Cooley, 1 F.3d 985, 993 (10th Cir.1993) (quoting United States v. Burger, 964 F.2d 1065, 1070 (10th Cir.1992)). The one court that has confronted this argument rejected it as "farsical [sic]," finding that no "reasonable person" would question judicial impartiality merely because the United States government paid the judge's salary from tax revenues. See United States v. Zuger, 602 F.Supp. 889, 892 (D.Conn.1984), aff'd, 755 F.2d 915 (2d Cir. Jan. 30, 1985) (table), cert. denied, 474 U.S. 805. The court added that recusal on such basis would "mean that no federal judge could preside over the trial." Id. Although we have not addressed Mr. Booth's argument in the context of tax litigation, in an analogous case we held that a judge's status as natural gas consumer does not mandate recusal in a natural gas antitrust suit because an "interest shared by the judge in common with the public" is not the type of interest that 28 U.S.C. 455 serves. In re New Mexico Natural Gas Antitrust Litigation, 620 F.2d 794, 796-97 (10th Cir.1980). In the instant case, the judge's status as taxpayer is one he shares with the public, and any remote or tenuous benefit he could potentially receive from a particular outcome in the case is outside the scope of 28 U.S.C. 455.
 
 
 8
 The government requests sanctions for a frivolous appeal, which we may impose under Fed. R.App. P. 38 and 28 U.S.C.1912. Although couched in slightly different terms, this suit is substantively similar to the one the district court found frivolous in 1992. We likewise deem many of Mr. Booth's claims to be frivolous. Mr. Booth has had the opportunity to respond to the government's request for sanctions. Lonsdale, 919 F.2d at 1447. We hereby impose sanctions of $1500, to be awarded in lieu of costs and attorneys' fees. See Casper v. Commissioner of Internal Revenue, 805 F.2d 902, 906 (10th Cir.1986).
 
 
 9
 The judgment of the district court dismissing this action for lack of subject matter jurisdiction is AFFIRMED, and sanctions are imposed.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470