42 F.3d 1389
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terry M. KING, Defendant-Appellant.
 No. 94-5265.
 United States Court of Appeals, Sixth Circuit.
 Dec. 2, 1994.
 
 1
 Before: KEITH and NELSON, Circuit Judges, and RUBIN, District Judge.*
 
 ORDER
 
 2
 Terry M. King appeals from his criminal conviction for failure to file income tax returns. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Terry M. King was charged by information with two counts of failing to file income tax returns, in violation of 26 U.S.C. Sec. 7203. The matter proceeded to a bench trial where King, acting in his own defense, was found guilty of both counts. The court sentenced King to consecutive nine month terms of imprisonment (commencing May 2, 1994) and this appeal followed. The parties have briefed the issues; King is proceeding without benefit of counsel.
 
 
 4
 In 1986, King was found guilty of three counts of failing to file income tax returns, in violation of 26 U.S.C. Sec. 7203, and was sentenced to three concurrent one-year terms of imprisonment. King was to serve the first ninety days in a "jail-type" institution and then be placed on probation. This conviction was summarily affirmed on direct appeal. United States v. King, No. 86-5481, 1986 WL 18565 (6th Cir. Dec. 15, 1986) (order).
 
 
 5
 King was the subject of a subsequent information, following the completion of his term, in which it was alleged that he failed to file required tax returns for the years 1985 and 1986. King waived a jury and, acting in his own behalf, was found guilty of both counts. King's appellate brief is chiefly a rambling collection of "tax protester" dogma from which three claims may be distilled. First, King claims that the district court lacked jurisdiction over his prosecution. Second, King attempts to argue the sufficiency of the evidence against him. Finally, King questions whether Judge Heyburn was acting as a duly authorized "Article III judge" when he presided over the criminal trial.
 
 
 6
 The first 15 pages of King's pro se brief are devoted inter alia to his contentions that he is a "jus sanguinis Citizen/Principle of the California Republic" and that there is no statute conferring jurisdiction over tax crimes to the district court. These arguments are supported by a long list of irrelevant, obscure case citations, definitions and Latin maxims. The Sixth Circuit has, however, recently addressed a similar claim that a district court had no subject matter jurisdiction over federal criminal actions based on tax violations. In United States v. Mundt, 29 F.3d 233, 237 (6th Cir.1994), the court unequivocally reaffirmed that such an argument has no force, is contrary to seventy-five years of reported decisions and may properly be characterized as "silly" or "frivolous." This claim is unavailing to King.
 
 
 7
 King's second contention may be charitably termed a challenge to the sufficiency of the evidence against him. This claim is meritless, even assuming this claim was preserved for appellate review. A conviction will not be disturbed on grounds of insufficient evidence if, after viewing the evidence in the light most favorable to the government, an appellate court concludes that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). This applies whether the evidence is direct or circumstantial, Holland v. United States, 348 U.S. 121, 140 (1954), and it is not necessary that the circumstantial evidence remove every reasonable hypothesis except that of guilt. United States v. Vannerson, 786 F.2d 221, 225 (6th Cir.), cert. denied, 476 U.S. 1123 (1986). The completely unrebutted evidence at trial established that King did not file sufficient, if any, tax returns for the years 1985 and 1986 even though he earned enough income to mandate filings. Nothing in King's appellate brief remotely suggests that this is insufficient to support his conviction under 28 U.S.C. Sec. 7203 and it does not otherwise appear to be so.
 
 
 8
 Finally, King asserts that the trial judge was not acting as an Article III judge, but rather in a "quasi-judicial and ministerial" capacity. This final puzzling assertion is patently frivolous. No reversible error is apparent on the face of the record before us. The appeal lacks merit.
 
 
 9
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Carl B. Rubin, U.S. District Judge for the Southern District of Ohio, sitting by designation