**UNITED STATES of America, Petitioner,**

v.

**Randall C. MACZKA, Respondent.**

**No. 1:96–MC–41.**

United States District Court,
W.D. Michigan,
Southern Division.

July 22, 1996.

Edith A. Landman, Asst. U.S. Atty., Grand Rapids, MI, for Petitioner.

Randall C. Maczka, White Cloud, MI, pro. per.

## ORDER ADOPTING REPORT AND RECOMMENDATION AND ENFORCING IRS SUMMONS

McKEAGUE, District Judge.

Pursuant to the Court's show cause order of February 29, 1996, this matter was referred to the magistrate judge for hearing and recommended decision. A hearing was conducted on May 2, 1996, after which the magistrate judge issued a report and recommendation pursuant to 28 U.S.C. § 636(b). The report and recommendation was issued on June 4, 1996, and served upon respondent by mailing on June 24, 1996. No objections have been filed. The Court has reviewed the report and finds it to be well-reasoned and in accord with applicable law.

Accordingly, **IT IS HEREBY ORDERED** that the report and recommendation is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Internal Revenue Service summons issued to respondent Randall C. Maczka on August 26, 1994, in the matter of the federal income tax liability of respondent Randall C. Maczka be enforced.

**IT IS FURTHER ORDERED** that respondent appear before Revenue Officer John Engels, or his designated representative, at the Gerald R. Ford Federal Building, Room 544, 110 Michigan Street, N.W., Grand Rapids, Michigan, on **August 7, 1996 at 10:00 a.m.**, then and there to be sworn, to give testimony, and to produce for examination and copying the books and records demanded by the summons served upon him on August 26, 1994, the examination to continue from day to day until completed.

**IT IS FURTHER ORDERED** that a copy of this order be served upon respondent Randall C. Maczka.

### REPORT AND RECOMMENDATION

This is a proceeding brought pursuant to 26 U.S.C. §§ 7402(b), 7604(a) to enforce an administrative summons issued by the Internal Revenue Service (IRS) on August 26, 1994. The summons relates to respondent's federal income tax liability for the calendar year ending December 31, 1993. On September 28, 1994, respondent appeared before Revenue Officer John V. Engels, but refused to comply with the summons. On February 27, 1996, petitioner filed this action seeking court enforcement of the IRS summons. On February 29, 1996, Judge David W. McKeague issued an order to show cause directing respondent to appear before me on May 2, 1996, to show cause why he should not be ordered to comply with the summons (docket # 2).

Respondent appeared before me on May 2, 1996, for a summons enforcement hearing, as required by Judge McKeague's order to show cause. At the hearing, I received testimony from Revenue Officer John V. Engels. Engels' testimony met the burden of the United States in proving a *prima facie* case in favor of enforcement. Engels' testimony established: (1) that the summons was issued for a legitimate purpose in determining respondent's possible tax liability for the year 1993; (2) that the summoned data may be relevant to that purpose; (3) that the summoned information was not already in the government's possession; and (4) that the administrative steps required by the Internal Revenue Code were followed. *United States*

v. *Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–55, 13 L.Ed.2d 112 (1964); *see United States v. Stuart,* 489 U.S. 353, 359, 109 S.Ct. 1183, 1187–88, 103 L.Ed.2d 388 (1989). Once the United States has presented a *prima facie* case, it is entitled to an enforcement order, unless the taxpayer can show that the IRS is attempting to abuse the court's process. *Stuart,* 489 U.S. at 360, 109 S.Ct. at 1188. The taxpayer carries the burden of proving an abuse of process. *Powell,* 379 U.S. at 58, 85 S.Ct. at 255.

■ Respondent argued at the hearing that the petition should not be enforced because the revenue officer lacked authority to issue the summons. Respondent is incorrect. The Internal Revenue Code authorizes the Secretary of the Treasury, or his delegate, to issue administrative summonses for the purpose of ascertaining the correctness of any return or determining the liability of any person for any Internal Revenue tax. 26 U.S.C. § 7602; *see Van Manen v. United States,* No. 93–2333, 1994 WL 151352, at *2 (6th Cir. Apr. 27, 1994). John V. Engels is a Revenue Officer of the Internal Revenue Service and is authorized to issue an IRS summons pursuant to the authority of 26 U.S.C. § 7602 and 26 C.F.R. §§ 301.7602–1(b), 301.7701–9(b). Respondent argues that the delegated authority from the Secretary of the Treasury to the Commissioner of Internal Revenue is invalid because it was not properly published in the Federal Register. This argument has been resoundingly rejected by the federal courts.

[C]ontrary to [respondent's] claim, the validity of the delegation of authority by the Treasury Department to the IRS does not depend upon publication. A Treasury Department order need not be published in the Federal Register. *Van Sant v. United States,* No. Civ.A. No. 89–A–1872, 1990 WL 21279, at *2 (D.Colo. March 1, 1990), *aff'd,* No. 90–1057, 1990 WL 265081 (10th Cir. Aug.2, 1990); *see also* 44 U.S.C. § 1505(a). Further, the delegation order need not be published either. The orders are contained in the Internal Revenue Manual and are easily accessible to members of the public.

*Van Manen,* 1994 WL 151352, at *2; *see also United States v. Saunders,* 951 F.2d 1065, 1067–68 (9th Cir.1991). Respondent's assertions that Officer Engels lacked the power to issue the summons in question are without merit.

■ Respondent also argued that the court lacks jurisdiction. This argument is "patently frivolous." *United States v. Mundt,* 29 F.3d 233, 237 (6th Cir.1994); *see also United States v. Cooper,* No. 95–5078, 1995 WL 559304, at *2 (6th Cir. Sept. 20, 1995) (same); *United States v. King,* No. 94–5265, 1994 WL 677674, at *1 (Dec. 2, 1994) (same). In *Mundt,* the Sixth Circuit rejected the argument that as a resident of the state of Michigan the defendant was not a resident of any "federal zone" therefore was not subject to federal income tax laws. *Id.* at 237.

The Sixth Circuit quoted at length the Tenth Circuit's opinion in *United States v. Collins,* 920 F.2d 619, 629 (10th Cir.1990) (citations omitted), *cert. denied,* 500 U.S. 920, 111 S.Ct. 2022, 114 L.Ed.2d 108 (1991).

[Defendant]'s motion to dismiss advanced the hackneyed tax protester refrain that federal criminal jurisdiction extends only to the District of Columbia, United States territorial possessions and ceeded territories. [Defendant]'s memorandum blithely ignored 18 U.S.C. § 3231 which explicitly vests federal district courts with jurisdiction over "all offenses against the laws of the United States." [Defendant] also conveniently ignored article I, section 8 of the United States Constitution which empowers Congress to create, define and punish crimes irrespective of where they are committed. *See United States v. Worall [Worrall],* 2 U.S. (2 Dall) 384, 393[1 L.Ed. 426] (1798) (Chase J.) Article I, section 8 and the sixteenth amendment also empowers Congress to create and provide for the administration of an income tax; the statute under which the defendant was charged and convicted, 26 U.S.C. § 7201, plainly falls within that authority. Efforts to argue that federal jurisdiction does not extend to encompass federal prosecutions for federal tax evasion have been rejected as either "silly" or "frivolous" by a myriad of courts throughout the nation. In the

face of this uniform authority it defies credulity to argue that the district court lacked jurisdiction to adjudicate the government's case against the defendant.

... For seventy-five years, the Supreme Court has recognized that the sixteenth amendment authorizes a direct nonapportioned tax upon United States citizens throughout the nation, not just in federal enclaves, *see Brushaber v. Union Pac. R. R.*, 240 U.S. 1, 12–19 [36 S.Ct. 236, 239–42, 60 L.Ed. 493] (1916); efforts to argue otherwise have been sanctioned as frivolous....

*Mundt*, 29 F.3d at 237 (quoting *Collins*, 920 F.2d at 629).

Respondent's next argument, that Title 26 was not enacted into "positive law," has been rejected as "frivolous," "baseless," "specious," and "preposterous." *See United States v. Hooper*, No. 93–35565, 1995 WL 792039, at *1 (9th Cir. Dec. 11, 1995) ("frivolous"); *United States v. Zuger*, 602 F.Supp. 889, 891–92 (D.C.Conn.1984), *aff'd*, 755 F.2d 915 (2d Cir.) (table), *cert. denied*, 474 U.S. 805, 106 S.Ct. 38, 88 L.Ed.2d 32 (1985) ("specious"); *accord, Young v. Internal Revenue Service*, 596 F.Supp. 141, 149 (N.D.Ind.1984) ("preposterous"); *Sloan v. United States*, 621 F.Supp. 1072, 1076 (N.D.Ind.1985), *aff'd in part and appeal dismissed*, 812 F.2d 1410 (7th Cir.1987) (table) (litigants advancing "frivolous" arguments such as assertions that the Internal Revenue Code is not positive law subjected to sanctions under Rule 11, FED. R. CIV. P.); *Hackett v. Commissioner of Internal Revenue*, No. 85–1558, 1986 WL 16862, at *1 (6th Cir. April 21, 1986) (appeal of dismissal of petition challenging tax deficiency assessment describing "positive law" argument as "frivolous"). "Congress's failure to enact a title into positive law has only evidentiary significance and does not render the underlying enactment invalid or unenforceable. *See* U.S.C. § 204(a) (1982) (the text of titles not enacted into positive law is only prima facie evidence of the law itself)." *Ryan v. Bilby*, 764 F.2d 1325, 1328 (9th Cir.1985).

■ Respondent also asserts that the summons cannot be enforced because the IRS never notified him that he was required to keep records. The absence of individual notice does not relieve respondent of his duty to maintain adequate records to enable him to file a tax return. *See Jones v. Commissioner of Internal Revenue*, 903 F.2d 1301, 1303 (10th Cir.1990); *United States v. Streett*, 791 F.Supp. 563, 568 (D.Md.1992). Once again, respondent's argument lacks merit and should be rejected.

Respondent has not met his burden in demonstrating why the summons should not be enforced. Accordingly, I recommend that the court issue an order compelling respondent to comply with the summons.

### Recommended Disposition

For the reasons set forth in detail above, I recommend that the court issue an order compelling respondent to comply with the summons.

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. L.R. 13(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir.1981); *see Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).