**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**K.T. DERR, Chairman of Chevron Corporation, Defendant–Appellant.**

**No. 91–16908.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 1992.

Decided July 2, 1992.

Carl A. Nordberg, Jr., Michael F. Kelleher, John P. McAllister, Thomas S. Gigot, Groom & Nordberg, Washington, D.C., Walter R. Allan, Alson R. Kemp, Jr., Lawrence L. Hoenig, David S. Winton, Pillsbury Madison & Sutro, San Francisco, Cal., for defendant-appellant.

James A. Bruton, Acting Asst. Atty. Gen., Gary R. Allen, Charles A. Brookhart, Kevin M. Brown, U.S. Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before: GOODWIN, SCHROEDER and BEEZER, Circuit Judges.

BEEZER, Circuit Judge:

This case addresses whether Chevron Corporation, served through its chairman, K.T. Derr, must comply with a "designated" summons issued by an Internal Reve-

nue Service (IRS) agent and enforced by the district court. We have jurisdiction over this appeal of the district court's order enforcing the designated summons and we affirm.

The IRS sought enforcement of a designated summons issued pursuant to an audit of Chevron's transfer pricing practices between 1979 and 1984. The district court found that the government had made the showing required by *United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964), and ordered enforcement of the summons. Chevron contends that the district court cannot enforce a designated summons unless the government shows that Chevron did not cooperate with the IRS auditors, and that the issuing agent had no authority to issue the designated summons.

■ We review for clear error the district court's order enforcing an IRS summons, except to the extent that the order depends upon statutory construction, which we review *de novo*. *United States v. Saunders*, 951 F.2d 1065, 1066 (9th Cir. 1991).

I

■ Enforcement of a summons is generally a summary proceeding to which a taxpayer has few defenses. As delegate of the Secretary of the Treasury,[1] the IRS has authority to issue a summons to investigate a taxpayer's federal income tax liability. 26 U.S.C. § 7602. The district courts have jurisdiction to order compliance with a summons. *Id.* §§ 7402(b), 7604(a). " '[S]ummons enforcement proceedings should be summary in nature and discovery should be limited.' " *United States v. Stuart*, 489 U.S. 353, 369, 109 S.Ct. 1183, 1193, 103 L.Ed.2d 388 (1989) (quoting S.Rep. No. 494, 97th Cong., 2d Sess. 285 (1982), *reprinted in* 1982 U.S.C.C.A.N. 781, 1031).

■ To obtain enforcement of an IRS summons, the government

must show that the investigation will be conducted pursuant to a legitimate pur-

pose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed.

*Powell*, 379 U.S. at 57–58, 85 S.Ct. at 255. Chevron does not argue that the district court clearly erred in finding that the government made the showing required by *Powell*. Rather, it argues that, because a designated summons tolls the statute of limitations, 26 U.S.C. § 6503(j), the additional element of the taxpayer's cooperativeness must be the subject of an evidentiary hearing.

■ Statutory construction always starts with the language of the statute itself. This starting point is the ending point when the statute clearly and unambiguously expresses Congress' intent. *United States v. Ron Pair Enters.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). Particular phrases must be construed in light of the overall purpose and structure of the whole statutory scheme. *Dole v. United Steelworkers*, 494 U.S. 26, 35, 110 S.Ct. 929, 934, 108 L.Ed.2d 23 (1990). A court looks to the legislative history if the statute is unclear. *Blum v. Stenson*, 465 U.S. 886, 896, 104 S.Ct. 1541, 1548, 79 L.Ed.2d 891 (1984).

Section 6503(j) contains three distinct paragraphs. The first paragraph explains the effect of issuing a designated summons and the mechanics of tolling the statute of limitations. § 6503(j)(1). The third paragraph defines the judicial enforcement period, which generally will comprise the bulk of the time for which the statute of limitations is tolled. § 6503(j)(3).

The second paragraph contains three requirements for issuing a designated summons. First, the IRS must issue the summons at least 60 days before the statute of limitations has run. § 6503(j)(2)(A)(i). Second, the summons must clearly state that it is a designated summons. § 6503(j)(2)(A)(ii). Third, the IRS may issue only one such designated summons. § 6503(j)(2)(B); *cf.*

---

**1.** *See infra* Part II.

§ 6503(j)(1)(A)(ii) (related summonses allowed for 30 days after issuance of designated summons). The clear language of the statute nowhere addresses the taxpayer's cooperativeness.

■ Section 6503(j) provides no independent authority to issue a designated summons. Rather, "[t]he term 'designated summons' means *any summons* issued for purposes of determining the amount of any tax imposed by this title." § 6503(j)(2)(A) (emphasis added). The statute authorizes the IRS to issue a designated summons pursuant to preexisting procedural mechanisms. Section 7602, which provides the procedure for investigating *any* internal revenue tax liability, contemplates no more than satisfying *Powell* to obtain enforcement of a summons. 379 U.S. at 57–58, 85 S.Ct. at 255.

■ Chevron argues that we should defer to the IRS's own construction of § 6503(j) in its procedural manual and internal memoranda. *See Chevron U.S.A. Inc. v. Natural Resources Defense Council,* 467 U.S. 837, 843, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984). "A designated summons should be issued only after the taxpayer under examination refuses to extend the statute of limitations ... and the examiner has exhausted all other means to obtain the needed information." Okley D. Ammons, Assistant Commissioner (Examinations), Designated and Related Summons 4 (attachment I May 1, 1991). Without considering whether Congress left interpretation of § 6503(j) to the IRS, or the substance of the IRS's internal policies, we reject Chevron's argument. The IRS's internal policies do not provide Chevron with legally enforceable rights. *Urban v. Commissioner,* 964 F.2d 888 (9th Cir.1992).

· Chevron advances three arguments against § 6503(j)'s constitutionality. First, Chevron asserts that § 6503(j) violates substantive due process because it provides no limits on the IRS's power to issue a designated summons. *See Kolender v. Lawson,* 461 U.S. 352, 358, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983). Second, Chevron argues that § 6503(j) violates the nondelegation doctrine because it vests in the IRS

unlimited legislative power to suspend a taxpayer's statute of limitations. *See Touby v. United States,* —— U.S. ——, 111 S.Ct. 1752, 1755–56, 114 L.Ed.2d 219 (1991). Third, Chevron contends that § 6503(j) denies procedural due process by denying a taxpayer its property interest in knowing when a statute of repose will attach. *See Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 428–34, 102 S.Ct. 1148, 1153–57, 71 L.Ed.2d 265 (1982). Finally, to avoid these three constitutional pitfalls, Chevron argues for a narrow construction of § 6503(j).

■ In response to Chevron's first argument, *Powell* limits the IRS's ability to issue a designated summons. With respect to Chevron's second argument, the IRS simply does not have unlimited power to suspend a taxpayer's statute of limitations. At most, the IRS may independently toll the statute of limitations for the following period of time: from the initiation of an enforcement petition to the district court's rejection of the petition, see § 6503(j)(1)(A), (j)(3), plus 60 days. *See* § 6503(j)(1) (last sentence). Otherwise, the district court enforces *Congress'* intent that the statute of limitations be tolled until the taxpayer complies with the validly issued summons. *See* § 6503(j)(1)(B). In response to Chevron's third argument, a summoned taxpayer either knows or controls when the statute of repose will attach.

We hold that Congress clearly and unambiguously expressed its intent in the statutory language of § 6503(j), and that Chevron demonstrates no constitutional defect in § 6503(j). Upon making the showing required by *Powell,* the IRS is entitled to enforcement of its designated summons. No resort to legislative history is necessary.

## II

■ Chevron contends that District Examination Revenue Agent Donald K. Smith did not have authority to issue the designated summons. Section 6503(j) contemplates using preexisting issuance and enforcement procedures: " 'designated summons' means *any summons* issued for pur-

poses of determining the amount of any tax imposed by this title." § 6503(j)(2)(A) (emphasis added). A designated summons thus could be a § 7602(a) summons, or even a John Doe summons. *See* 26 U.S.C. § 7609.

The parties agree that the Commissioner has the authority to redelegate the authority to issue a summons. *See* 26 U.S.C. § 7701(a)(11)(B), (12)(A); Treas. Dep't Order No. 150–10 (Apr. 22, 1982). The parties dispute whether the Commissioner has redelegated to District Examination Revenue Agents the authority to issue a designated summons.

The Commissioner has delegated the authority to issue a summons based essentially on procedural criteria. Because a § 7609 John Doe summons requires additional showings to obtain enforcement, the Commissioner distinguishes such a summons in her delegation order. *See* IRS Delegation Order No. 4 (rev. 21 Feb. 22, 1991). District Examination Revenue Agents may not issue a John Doe summons, but they may issue all others, including those issued pursuant to § 7602(a). *Id.* ¶ 1(d)(3). Smith served this § 7602(a) summons pursuant to § 7603. Service of Summons, Notice and Recordkeeper Certificates. We hold that Agent Smith had authority to issue the designated summons.

### III

The district court's enforcement order is AFFIRMED.