David E. **REMARK**, Petitioner–Appellant,

v.

**UNITED STATES of America; Internal Revenue Agent Fred L. Bridges,** Respondents–Appellees.

No. 92–35131.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 4, 1992.*

Decided Nov. 12, 1992.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

R.App.P. 34(a); 9th Cir.R. 34–4.

David E. Remark, pro se, for petitioner-appellant.

Charles E. Brookhart, Annette M. Wietecha, Tax Div., U.S. Dept. of Justice. Washington, D.C., for respondents-appellees.

Before: SCHROEDER, FLETCHER, and PREGERSON, Circuit Judges.

PER CURIAM:

■ David Remark appeals pro se the district court's order granting the Internal Revenue Service's (IRS) motions to (1) enforce various third-party summonses issued by the IRS, and (2) dismiss Remark's petition to quash the summonses. Remark contends the IRS failed to comply with the procedural requirements for issuing a summons. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for clear error, *United States v. Saunders*, 951 F.2d 1065, 1066 (9th Cir.1991), and affirm.

The IRS issued third-party summonses to National Securities Corporation, Security Pacific Bank, and Seattle First National Bank during its investigation of Remark's tax liability for the tax years 1982 through 1990. The summonses directed these entities to produce records pertaining to Remark's bank accounts, wages, salaries, and other financial information. Remark filed a petition to quash the summonses; the IRS filed motions to dismiss Remark's petition and to enforce the summonses. On November 18, 1991, the district court granted the IRS's motion. On December 16, 1991, the court entered an order directing the summoned parties to appear before the IRS to testify and produce the requested records. On January 9, 1992, the court denied Remark's petition for rehearing and again directed the summoned parties to appear. Remark timely appeals.

■ Remark contends the district court erred by ordering enforcement of the IRS's summonses because the IRS failed to comply with its own procedural requirements. Remark refers to Rev.Proc. 84–62, 1984–2 C.B. 526 in which the IRS declared obsolete Rev.Proc. 55–6, 1955–2 C.B. 903. Rev. Proc. 55–6 had prescribed the use of Form 2039 for the issuance of a summons under 26 U.S.C. § 7602. Remark concludes that the summonses here were invalid because the IRS issued them on Form 2039.

We disagree. In Rev.Proc. 84–62, the IRS recognized that it uses several forms, in addition to Form 2039, to issue summonses. Thus, Rev.Proc. 55–6, which indicated that the IRS only used Form 2039, was no longer accurate. Rev.Proc. 84–62, as Remark states, thus declared Rev.Proc. 55–6 obsolete. Nothing in Rev.Proc. 84–62 indicates, however, that Form 2039 is no longer a valid form. *Cf. Mimick v. United States*, 952 F.2d 230, 231 (8th Cir.1991). Accordingly, the fact that the IRS issued the summonses on Form 2039 does not render those summonses invalid.

■ The government requests sanctions against Remark for filing a frivolous appeal. In exercise of our discretion, we deny this request. *See* 28 U.S.C. § 1912; Fed.R.App.P. 38; *Grimes v. Commissioner*, 806 F.2d 1451, 1454 (9th Cir.1986).

AFFIRMED.[1]

---

1. The government contends that since the time Remark filed his notice of appeal, National Securities Corporation and Security Pacific Bank have fully complied with the IRS's summonses. Therefore, the government argues, this appeal is moot as to the summonses issued to those parties.

An appeal from an order enforcing an IRS summons becomes moot if the summoned party subsequently complies with the summons. *See United States v. Silva & Silva Accountancy Corp.*, 641 F.2d 710, 711 (9th Cir.1981). Here, however, the government's assertions that National Securities Corporation and Security Pacific Bank have complied with the IRS's summonses are unsupported by any documentary or other proof. In the absence of such evidence we

decline to dismiss any part of this appeal as moot.