**UNITED STATES of America**

v.

**Ross P. UPTON, Amelia A. Upton, and James T. Upton.**

**Civ. No. 3:92cv524 (PCD).**

United States District Court, D. Connecticut.

Dec. 28, 1993.

U.S.C. § 1823(e) and the doctrine set forth in *D'Oench, Duhme & Co. v. FDIC,* 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942).

H. Gordon Hall, U.S. Attorney's Office, New Haven, CT, Keith V. Morgan, U.S. Dept. of Justice, Washington, DC, for the U.S.

*RULING ON PENDING MOTIONS*

DORSEY, District Judge.

The United States seeks to collect from defendant Ross P. Upton unpaid federal taxes in the amount of $172,367.83, pursuant to § 7401 of the Internal Revenue Code. Plaintiff also seeks to set aside allegedly fraudulent conveyances of property by Ross Upton to defendants Amelia A. Upton and James Upton. Defendants have moved to discharge lis pendens, to dismiss the complaint, and for summary judgment.

I. *DISCUSSION*

Defendants allege that this court lacks jurisdiction over the subject matter, Fed. R.Civ.P. 12(b)(1), and jurisdiction over the person, Fed.R.Civ.P. 12(b)(2). In support of these claims, defendants allege that Ross Upton "was not a person compelled to file tax returns and was not subject to the Code of Internal Revenue," that the Secretary of the Treasury has not delegated the authority to levy deficiencies, and that the Attorney General has not delegated to the United States Attorney the authority to pursue defendants or their property.

This court has subject matter jurisdiction in this matter under 26 U.S.C. § 7402 and 28 U.S.C. §§ 1340 and 1345. Section 1340 provides that "the district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue...." Defendant Ross Upton is a person subject to the Internal Revenue Code. *See Templeton v. I.R.S.*, 650 F.Supp. 202 (N.D.Ind.1985), *aff'd*, 808 F.2d 838 (7th Cir.1986) (all citizens of the United States are subject to the income tax). His failure to file income tax returns provided plaintiff with a basis upon which to assume he was liable to pay taxes. *See United States v. McAnlis*, 721 F.2d 334, 336–37 (11th Cir.1983), *cert. denied*, 467 U.S. 1227, 104 S.Ct. 2681, 81 L.Ed.2d 877 (1984) (I.R.S. fulfills statutory duty by issuing summons prior to establishment of liability); *Uhrig v. United States*, 592 F.Supp. 349, 353 (D.Md. 1984).

The Secretary of the Treasury has validly delegated the authority to levy deficiencies. In *Stamos v. Commissioner*, 95 T.C. 624, 630–31, 1990 WL 199493 (1990), *aff'd*, 956 F.2d 1168 (9th Cir.1992), the Tax Court held that Treasury Order No. 150–10 validly delegated to the Commissioner the authority to issue statutory notices even though that Order is not published in the Federal Register. Defendant has offered no substantiation for the argument that the United States Attorney has no authority to bring this action.

Defendants Amelia and James Upton have offered no support for their claims of improper venue, insufficiency of process, and insufficiency of service of process. This court has personal jurisdiction over defendants, as they have each been served with a summons and complaint in this matter as prescribed by Fed.R.Civ.P. 4. *See* Exh. 1–3.

In addition to their reiterating the claims discussed *supra,* defendants argue in support of their motion for summary judgment that this action is time barred, that Ross Upton does not owe the taxes claimed, and that plaintiff's counsel has no authority to represent it. Summary judgment is appropriate where the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Donahue v. Windsor Locks Bd. of Fire Commrs,* 834 F.2d 54, 57 (2d Cir.1987).

 This suit is not barred by the state statute of limitations. The Connecticut three-year statute of limitations for setting aside fraudulent transfers is not applicable to a suit by the United States to recover the value of allegedly fraudulently conveyed property in partial satisfaction of outstanding tax deficiencies. *See United States v. Fernon,* 640 F.2d 609, 612 (5th Cir.1981).

Plaintiff's counsel, an attorney with the United States Department of Justice Tax Division, validly represents the United States. Pursuant to a policy adopted by the judges of this District, attorneys with the Justice Department have separate litigation authority and need not file *pro hac vice* motions to appear before this court.

Defendants allege that Ross Upton does not owe the taxes claimed by the United States in the complaint. They do not produce any evidence to support this allegation. A tax assessment is *prima facie* evidence of liability. *United States v. Lease,* 346 F.2d 696, 698 (2d Cir.1965). A certificate of assessment is presumptive proof of a valid assessment. *United States v. Red Stripe, Inc.,* 792 F.Supp. 1338, 1341 (E.D.N.Y.1992). *See* Exhs 4–5 (certificates of assessment).

## II. *CONCLUSION*

Accordingly, defendant Amelia Upton's motion to discharge lis pendens (doc. # 6), defendant James Upton's motion to discharge lis pendens (doc. # 9), defendant Ross Upton's motion to dismiss (doc. # 12), defendant James D. and Amelia A. Upton's motion to dismiss (doc. # 14), and defendants' mo-

tion for summary judgment (doc. # 18) are denied.

SO ORDERED.