15 F.3d 1090
 73 A.F.T.R.2d 94-1088
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Petitioner-Appellee,
v.
Ronald L. BODWELL; Betty Bodwell, Respondents-Appellants.
 Nos. 93-16074, 93-16075.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 18, 1994.*
Decided Jan. 25, 1994.
 
 Before: REINHARDT, O'SCANNLAIN and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald and Betty Bodwell appeal pro se the district court's order enforcing the Internal Revenue Service's (IRS) summonses requesting the production of documents relevant to the Bodwells' federal income tax liability for tax years 1982 through 1990. The Bodwells contend that the IRS failed to comply with the procedural requirements for issuing a summons. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review for clear error a district court's order to enforce a summons for the production of documents. United States v. Saunders, 951 F.2d 1065, 1066 (9th Cir.1991). We affirm.
 
 
 3
 Under 26 U.S.C. Sec. 7602(a), the IRS may issue a summons for production of information relevant to "determining the liability of any person for any internal revenue tax." In order to establish a prima facie case for enforcement of a summons, the government must show that (1) the summons was for a legitimate purpose, (2) the material being sought was relevant to the investigation, (3) the information was not already in the IRS's possession, and (4) the administrative steps required by the Internal Revenue Code had been followed. See United States v. Powell, 379 U.S. 48, 57-58 (1964); Saunders, 951 F.2d 1067. Assertions by affidavit of the investigating agent that the requirements are satisfied are sufficient to make the prima facie case. United States v. Abrahams, 905 F.2d 1276, 1280 (9th Cir.1990). The burden then shifts to the taxpayer to show that the summons was issued for an improper purpose or was otherwise deficient. Id.
 
 
 4
 Here, the sworn declaration by Revenue agent Olson satisfied the government's "minimal" showing that the good-faith requirement had been met. See id.
 
 
 5
 The Bodwells nevertheless contend that the IRS summonses were invalid because (1) they were issued on obsolete IRS forms, (2) they were not verified under penalty of perjury as required by 26 U.S.C. Sec. 6065, (3) the summonses failed to comply with the attestation requirements of 26 U.S.C. Sec. 7603, (4) the IRS agent who issued the summonses lacked authority to do so, (5) the district court lacked jurisdiction to order enforcement, and (6) the Bodwells are not subject to the summonses because they are not persons under the IRS code. These contentions lack merit.
 
 
 6
 First, the summonses were properly issued on Form 2039. See Remark v. United States, 979 F.2d 770, 771 (9th Cir.1992) (rejecting the argument that Form 2039 is an obsolete form and that a summons issued on Form 2039 is invalid).
 
 
 7
 Second, there is nothing in the statutory language of the Code to support the Bodwells' contention that the IRS needs to verify a summons under penalty of perjury pursuant to section 26 U.S.C. Sec. 6065.[1] As the district court observed, the language in that section refers to mandatory information disclosures such as income tax returns. A summons, however, has the purpose of demanding information, not disclosing it. Moreover, the act of issuing a summons is not mandatory but rather discretionary. 26 U.S.C. Sec. 7602(2). Accordingly, the Bodwells' contention that the summonses should have been verified as documents required to be made under section 6065 lacks merit.
 
 
 8
 Third, the investigating agent's declaration filed with the government's petition expressly states that he personally served an attested copy of the summonses at the Bodwells' home.[2] Moreover, the copies attached to the Bodwells' moving papers before the district court show that the Bodwells had received attested copies of the summonses at their residence. Thus, the Bodwells' contention that the summonses were not properly attested lacks merit.
 
 
 9
 Finally, the Bodwells' delegation of authority and jurisdiction arguments lack merit. As a delegate of the Secretary of the Treasury, the IRS has authority to issue a summons to investigate a taxpayer's federal income tax liability. 26 U.S.C. Sec. 7602. The Commissioner has authority to redelegate this authority. See id. Secs. 7701(a)(11)(B), 12(A); Treas. Dep't Order No. 150-10 (Apr. 22, 1982). Additionally, district courts have jurisdiction to order compliance with a summons. Id. Secs. 7402(b), 7604(a). Enforcement can proceed either by an order to show case or by a complaint and a summons. United States v. Bell, 448 F.2d 40, 42-43 (9th Cir.1971).
 
 
 10
 Finally, we reject the Bodwells' frivolous assertion that they are "sovereigns" and are therefore entitled to sovereign immunity from the assessment and collection of income taxes. See United States v. Romero, 640 F.2d 1014, 1016 (9th Cir.1981) (taxpayer's claim that he was not a person under the Code was "fatuous as well as obviously incorrect").[3]
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 6065 states:
 except as otherwise provided by the Secretary, any return, declaration, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall contain or be verified by a written declaration that it is made under the penalties of perjury.
 
 
 [2]
 The Bodwells also appear to argue that the summonses were invalid because the originals were not attested copies. As the district court noted this argument is meritless on its face
 
 
 [3]
 We reject as meritless the Bodwells' remaining contentions pertaining to the good faith efforts of the Secretary to enforce the summons