37 F.3d 1507
 74 A.F.T.R.2d 94-6666
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES, Plaintiff-Appellee,
v.
Clover Jean HOLLOWAY, Defendant-Appellant.
 No. 94-15702.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1994.*
Decided Oct. 6, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Clover Jean Holloway appeals pro se the district court's order (1) enforcing the Internal Revenue Service's ("IRS") summons requesting the production of documents relevant to Holloway's federal income tax liability for the tax years 1989, 1990 and 1991, (2) denying Holloway's motion to quash, and (3) awarding costs to the United States. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Holloway contends that the district court erred by enforcing the IRS's summons and denying her motion to quash because the IRS did not establish a prima facie case under United States v. Powell, 379 U.S. 48 (1964) and lacked authority to issue the summons. These contentions lack merit.
 
 
 4
 We review for clear error the district court's order enforcing an IRS summons. United States v. Derr, 968 F.2d 943, 945 (9th Cir.1992). To the extent that the district court's order is predicated on issues of statutory construction, we review de novo. United States v. Saunders, 951 F.2d 1065, 1066 (9th Cir.1991).
 
 
 5
 Under 26 U.S.C. Sec. 7602(a), the IRS may issue a summons for production of information relevant to "determining the liability of any person for any internal revenue tax." In order to establish a prima facie case for enforcement of a summons, the government must show that (1) the summons was issued for a legitimate purpose, (2) the material being sought was relevant to the investigation, (3) the information was not already in the IRS's possession, and (4) the IRS followed the administrative steps required by the Internal Revenue Code. See Powell, 379 U.S. at 57-58; Saunders, 951 F.2d at 1067. The burden on the government is "minimal." See United States v. Abrahams, 905 F.2d 1276, 1280 (9th Cir.1990). A declaration by the Revenue Officer who issued the summons which states that these requirements were satisfied is sufficient to establish the prima facie case. See id. Once the government has established its prima facie case, the burden shifts to the taxpayer to show that the summons was issued for an improper purpose or was otherwise deficient. See id.; see also Powell, 379 U.S. at 57-58.
 
 
 6
 Here, the IRS issued a summons requesting Holloway to produce information and records necessary to prepare federal income tax returns for the years 1989, 1990 and 1991. When Holloway failed to comply with the summons, the IRS filed a verified petition seeking an order to enforce the summons. The verified petition, which was accompanied by Revenue Officer Schulz's declaration, satisfied the government's "minimal" burden of establishing a prima facie case under Powell. See Abrahams, 905 F.2d at 1280. Because Holloway failed to adduce any evidence which established that the summons was issued for an improper purpose or was otherwise deficient, the district court properly issued an order to enforce the summons. See id. To the extent that Holloway challenges enforcement of the tax laws because they have not been implemented by regulations, we reject this argument. See id.
 
 
 7
 Holloway also challenges the district court's award of costs pursuant to Fed.R.Civ.P. 54(d)(1). We review for abuse of discretion the district court's award of costs. See Association of Flight Attendants v. Horizon Air Indus., Inc., 976 F.2d 541, 551 (9th Cir.1992). Fed.R.Civ.P. 54(d)(1) provides in part that "[e]xcept when express provision therefor is made in a statute of the United States or in these rules, costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Holloway has cited no authority which establishes an exception to Rule 54(d)(1). Accordingly, the district court did not abuse its discretion by imposing costs on Holloway.[1] See Fed.R.Civ.P. 54(d)(1).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Holloway's request for publication is denied. See 9th Cir.R. 36-2