46 F.3d 1147
 75 A.F.T.R.2d 95-588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sean W. MASON, Defendant-Appellant.
 No. 94-55533.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Jan. 10, 1995.
 
 Before: SNEED, D.W. NELSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sean W. Mason appeals pro se the district court's order enforcing the Internal Revenue Service's ("IRS") summons requesting the production of documents relevant to Mason's federal income tax liability for the tax years 1989 and 1990. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm. We also impose $1500.00 in sanctions on Mason for filing a frivolous appeal.
 
 
 3
 * Summons
 
 
 4
 Mason contends that the district court erred by enforcing the IRS's summons because (1) he is a "White Citizen of the State of California," and not a "citizen" of the United States subject to federal income taxes, (2) wages are not income, and (3) Congress cannot impose a direct, non-apportioned tax. These contentions lack merit.
 
 
 5
 We review for clear error the district court's order enforcing an IRS summons. United States v. Derr, 968 F.2d 943, 945 (9th Cir.1992). To the extent that the district court's order is predicated on issues of statutory construction, we review de novo. United States v. Saunders, 951 F.2d 1065, 1066 (9th Cir.1991).
 
 
 6
 Under 26 U.S.C. Sec. 7602(a), the IRS may issue a summons for production of information relevant to "determining the liability of any person for any internal revenue tax." In order to establish a prima facie case for enforcement of a summons, the government must show that (1) the summons was for a legitimate purpose, (2) the material being sought was relevant to the investigation, (3) the information was not already in the IRS's possession, and (4) the administrative steps required by the Internal Revenue Code had been followed. See United States v. Powell, 379 U.S. 48, 57-58 (1964); Saunders, 951 F.2d at 1067. The burden on the government is "minimal." See United States v. Abrahams, 905 F.2d 1276, 1280 (9th Cir.1990). A declaration or affidavit by the revenue officer who issued the summons which states that these requirements were satisfied is sufficient to establish the prima facie case. See id. Once the government has established its prima facie case, the burden shifts to the taxpayer to show that the summons was issued for an improper purpose or was otherwise deficient. See id.
 
 
 7
 Here, the IRS issued a summons requesting Mason to produce information and records necessary to prepare federal income tax returns for the years 1989 and 1990. When Mason failed to comply with the summons, the IRS filed a petition seeking an order to enforce the summons. The petition, which was supported by the declaration of Revenue Officer Joseph Talon, satisfied the government's "minimal" burden of establishing a prima facie case under Powell. See Abrahams, 905 F.2d at 1280. Because Mason failed to adduce any evidence which established that the summons was issued for an improper purpose or was otherwise deficient, the district court properly issued an order to enforce the summons. See id.
 
 
 8
 Mason's arguments on appeal are frivolous. First, the IRS has authority to issue a summons to investigate a taxpayer's federal income tax liabilities. See 26 U.S.C. Sec. 7604; Derr, 968 F.2d at 945. Mason clearly is a "taxpayer" and a "person" within the meaning of 26 U.S.C. Sec. 7203. See United States v. Studley, 783 F.2d 934, 937 (9th Cir.1986). Second, it is well-settled that wages are income. See 26 U.S.C. Sec. 61; Grimes v. Commissioner, 806 F.2d 1451, 1453 (9th Cir.1986). Finally, "the Supreme Court and the lower federal courts have both implicitly and explicitly recognized the Sixteenth Amendment's authorization of a non-apportioned direct income tax on United States citizens residing in the United States and thus the validity of the federal income tax laws as applied to such citizens." United States v. Nelson (In re Becraft), 885 F.2d 547, 548 (9th Cir.1989).
 
 II
 Sanctions
 
 9
 The United States requests $3,000.00 sanctions against Mason pursuant to 28 U.S.C. Sec. 1912 and Fed.R.App.P. 38 for filing a frivolous appeal.
 
 
 10
 The award of sanctions for the abuse of judicial process is a matter within the sound discretion of this court. Grimes, 806 F.2d at 1454. Fed.R.App.P. 38 provides that "[i]f a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." An appeal is frivolous "when the result is obvious, or the arguments of error are wholly without merit." Wilcox v. Commissioner, 848 F.2d 1007, 1009 (9th Cir.1988). This court has imposed monetary sanctions on appellants in the form of a flat fee of $1,500.00 in lieu of damages and attorneys' fees for filing frivolous appeals. See Grimes, 806 F.2d at 1454; Cook v. Spillman, 806 F.2d 948, 949 (9th Cir.1986). As noted above, we find Mason's arguments to be wholly without merit and impose $1500.00 in sanctions upon him for filing a frivolous appeal. See Grimes, 806 F.2d at 1454; Cook, 806 F.2d at 948.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3