52 F.3d 336
 75 A.F.T.R.2d 95-1731
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Willie WATTS; Mary Watts, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-56029.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 4, 1995.*
Decided April 7, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Willie and Mary Watts appeal pro so the district court's order enforcing two Internal Revenue Service ("IRS") summonses issued to third-party record keepers for the purpose of determining their income tax liability for tax years 1989 through 1992. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review for clear error the district court's order enforcing an IRS summons. United States v. Derr, 968 F.2d 943, 945 (9th Cir.1992).
 
 
 4
 The Wattses contend that the district court lack subject matter jurisdiction to order enforcement of the summonses because (1) the statutory provisions authorizing the IRS to issue summons do not apply to the individual income tax, and (2) they do not receive taxable income. These contentions lack merit.
 
 I. Statutory Authority to Issue Summons
 
 5
 The Wattses contend that the government lacked authority to issue the summons because the IRS's authority to issue summons does not apply to the provisions to Title 26, U.S.C., which deal with the individual income tax. The Wattses argue that the statutory section and the accompanying regulations cited by the IRS as authority for issuing the summons in this case, 26 U.S.C. Sec. 7602, only apply to the provisions of Title 27, U.S.C., which the Wattses claim deal exclusively with alcohol, tobacco and firearms taxes.
 
 
 6
 It is clear that 26 U.S.C. Sec. 7602 is not limited in the manner argued by the Wattses. The wording of the statutes gives the IRS broad authority to issue summons in enforcing all types of taxes.[1] See Derr, 968 F.2d at 945.
 
 II. Compensation as Income
 
 7
 The Wattses contends that the IRS lacked authority to issue the summons because they have not received taxable income. Specifically, the Wattses argue that the amounts they received for their labor constitute an equal, nontaxable exchange of property rather than taxable income. This argument has repeatedly been rejected. Harris v. Commissioner, 758 F.2d 456, 458 (9th Cir.1985); United States v. Romero, 640 F.2d 1014, 1016 (9th Cir.1981); accord Casper v. Commissioner, 805 F.2d 902, 904-05 (10th Cir.1986).
 
 
 8
 The government requests sanctions against the Wattses for bringing this appeal. This court has discretion to impose damages against litigants as a sanction for bringing a frivolous appeal. Fed.R.App.P. 38; 28 U.S.C. Sec. 1912; Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir.1988) ($1,500 sanction imposed on pro se litigant for bringing a frivolous appeal). An appeal is frivolous if the results are obvious or the arguments of error are wholly without merit. Wilcox, 848 F.2d at 1009. The Wattses' contentions on appeal are wholly without merit. Accordingly, we impose $1,500 damages as a sanction.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 7602(a) gives the IRS the authority to summon "[f]or the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax ... or collecting any such liability...." 26 U.S.C. Sec. 7602(a)