53 F.3d 339
 75 A.F.T.R.2d 95-1973
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Allen M. NELSON; Jo Ann M. Nelson, husband and wife,
Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-15632.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 27, 1995.
 
 Before: BROWNING, SNEED and T. G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Taxpayers Allen M. Nelson and Jo Ann M. Nelson appeal pro se the district court's order enforcing twelve third-party administrative summonses. We have jurisdiction, 28 U.S.C. Sec. 1291, and affirm.
 
 I.
 
 3
 Revenue Agent Brian D. Juster was assigned to examine the taxpayers' 1990 and 1991 federal income tax returns. After several unsuccessful efforts to obtain relevant documents directly from the taxpayers, he served third-party summonses on eleven financial institutions and one consumer reporting agency. Taxpayers filed a petition to quash the summonses. The government moved for summary judgment on the taxpayers' petition and for an order enforcing the summonses. See 26 U.S.C. Sec. 7609(b)(2)(A) (government may seek to compel compliance in proceeding to quash). The government's motion was supported by the declaration of Revenue Agent Juster. Taxpayers filed memoranda in opposition challenging the enforceability of the summonses and alleging wrongdoing by IRS agents. Taxpayers did not submit affidavits or declarations in opposition to the motion.[1] The district court granted the government's motion and entered judgment against the taxpayers. Taxpayers timely appeal.
 
 II.
 
 4
 Under 26 U.S.C. Sec. 7602, the IRS has the authority to issue summonses to investigate the taxpayers' income tax liability. United States v. Derr, 968 F.2d 943, 945 (9th Cir. 1992). To obtain enforcement, the government "must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed." United States v. Powell, 379 U.S. 48, 57-58 (1964). The burden on the government "is a slight one." United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993). The affidavit of Revenue Agent Juster was sufficient to make the government's prima facie case. See Liberty Financial Services v. United States, 778 F.2d 1390, 1392 (9th Cir. 1985) ("Assertions by affidavit of the investigating agent that the requirements are satisfied are sufficient to make the prima facie case.").
 
 
 5
 A heavy burden then shifted to the taxpayers to show an abuse of process or institutional bad faith. Dynavac, 6 F.3d at 1414; see also Derr, 968 F.2d at 945 ("Enforcement of a summons is generally a summary proceeding to which a taxpayer has few defenses."). The opposition filed by the taxpayers did not contain any admissable evidence, but instead relied primarily on bald allegations of IRS wrongdoing. The district court did not err in finding that taxpayers failed to rebut the government's prima facie case.
 
 III.
 
 6
 Taxpayers' other legal contentions advanced on appeal, "raising the issue of positive law as opposed to [ ] prima facie law," (Opening Brief at 3e), are wholly without merit.
 
 
 7
 The payment of income taxes is not voluntary. Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir. 1988). The fact that relevant portions of Title 26 of the United States Code have not been enacted into "positive law" does not render the Code unenforceable. Ryan v. Bilby, 764 F.2d 1325, 1328 (9th Cir. 1985).
 
 
 8
 Revenue Agent Juster had duly delegated authority to issue and serve the summonses. Derr, 968 F.2d at 947. The use of Form 2039 did not render them invalid. Remark v. United States, 979 F.2d 770, 771 (9th Cir. 1992).
 
 
 9
 Enforcement of these third-party recordkeeper summonses does not implicate the taxpayers' Fifth Amendment rights against compelled self-incrimination. Fisher v. United States, 425 U.S. 391, 397-401 (1976).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Taxpayers did file an unsworn "affidavit" with their petition. In it taxpayers expressed their belief that no section of the Internal Revenue Code made them "liable" for any federal tax, but noted that they "have voluntarily filed" federal income tax returns for forty years