59 F.3d 175
 76 A.F.T.R.2d 95-5170, 95-2 USTC P 50,366
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas W. MONFORTON; Elaine L. Monforton, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-35748.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 12, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas and Elaine Monforton appeal pro se the district court's order enforcing the Internal Revenue Service's ("IRS") third-party summonses requesting the production of documents relevant to the Monfortons' federal income tax liability for tax years 1991, 1992, and 1993, and denying the Monfortons' motion to quash the summonses and their motion to strike the IRS's motion. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review for clear error a district court's order to enforce an IRS summons. United States v. Derr, 968 F.2d 943, 945 (9th Cir.1991). To the extent the district court's order is predicated on issues of statutory interpretation, we review de novo. Id.; United States v. Saunders, 951 F.2d 1065, 1066 (9th Cir.1991).
 
 
 4
 On appeal, the Monfortons contend that (1) the district court erred by not striking the IRS's motion, pursuant to Fed.R.Civ.P. 7(b)(1), because the IRS's motion and supporting memorandum did not cite to a specific rule of civil procedure; (2) the declaration submitted by the IRS agent conducting the investigation was deficient; and (3) the district court erred by not ruling on their motion for Rule 11 sanctions against the IRS. These contention lacks merit.
 
 A. Rule 7(b)(1) Requirements
 
 5
 Rule 7(b)(1), in pertinent part, requires that a motion "shall be in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought." See Fed.R.Civ.P. 7(b)(1). Although the movant is required to "state with particularity the grounds" for the motion, there is no specific requirement that the motion contain a citation to a particular rule of civil procedure. See id.; Clipper Express v. Rocky Mountain Motor Tariff Bureau, Inc., 690 F.2d 1240, 1248 (9th Cir.1982); see also Lac Du Flambeau Indians v. Wisconsin, 957 515, 517, (7th Cir.), cert. denied, 13 S.Ct. 91 (1992).
 
 
 6
 Here, the district court did not err by finding that the IRS's motion and supporting memorandum satisfied the requirements for a valid motion pursuant to Rule 7(b)(1) and that the Monfortons were not denied due process. See Fed.R.Civ.P. 7(b)(1); Clipper Express, 690 F.2d at 1248.
 
 B. Declaration of IRS Agent
 
 7
 Under 26 U.S.C. Sec. 7602(a), the IRS may issue a summons for production of information relevant to "determining the liability of any person for any internal revenue tax." If the summoned party refuses, the IRS must seek judicial enforcement of the summons. See 26 U.S.C. Secs. 7402, 7604. In the case of a third-party summons, the subject of the investigation may move to quash the summons. See 26 U.S.C. Sec. 7609(d)(2).
 
 
 8
 In order to establish a prima facie case for enforcement of a summons and for overcoming a motion to quash, the IRS must show that (1) the summons was for a legitimate purpose, (2) the material being sought was relevant to the investigation, (3) the information was not already in the IRS's possession, and (4) the administrative steps required by the Internal Revenue Code had been followed. See United States v. Powell, 379 U.S. 48, 57-58 (1964); Saunders, 951 F.2d 1067. The burden on the IRS is "minimal." United States v. Abrahams, 905 F.2d 1276, 1280 (9th Cir.1990). Moreover, it is well-settled that a declaration or affidavit by the investigating IRS agent stating that the Powell requirements are satisfied is sufficient to make a prima facie case. Id.
 
 
 9
 Here, the sworn declaration by Revenue Agent Nicholls, the investigating agent, indicating that the Powell requirements had been satisfied was sufficient to meet the IRS's "minimal" burden to establish its prima facie entitlement to enforcement of the summonses. See id.[1]
 
 C. Rule 11 Sanctions
 
 10
 Finally, the Monfortons' contend that the district court erred by failing to rule on their oral motion for Rule 11 sanctions against the IRS. This contention lacks merit because the Monforton's failed to comply with the filing requirements pursuant to Fed.R.Civ.P. 11(c)(1)(A).
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Once the IRS has established its prima facie case, the burden shifts to the party challenging the summons to show that the summons was issued for an improper purpose or was otherwise deficient. Abrahams, 905 F.2d at 1280
 Here, we find no merit in the Monfortons' contention that they were denied an opportunity to make such assertions. The Monforton were given an opportunity to file a response to the IRS's petition for summary enforcement of the summons, but instead chose to rely on meritless procedural challenges. Likewise, at the oral hearing, the Monfortons did not seek to rebut the IRS's prima facie case.
 
 
 [2]
 To the extent the Monforton's contend that as "Sovereign State Citizens of Washington State" they are not subject to federal income tax, this contention is frivolous. The Internal Revenue Code imposes an income tax on United States citizens who reside in the United States and whose income is derived from domestic sources. See 26 U.S.C. Sec. 1(c); see also United States v. Nelson (In re Becraft), 885 F.2d 547, 548 (9th Cir.1989) ("the Supreme Court and the lower federal courts have both implicitly and explicitly recognized the Sixteenth Amendment's authorization of a non-apportioned direct income tax on United States citizens residing in the United States and thus the validity of the federal income tax laws as applied to such citizens"). Section 61 of the Internal Revenue Code imposes a tax on income, and under the Tax Code, wages are income. 26 U.S.C. Sec. 61; Grimes v. Commissioner, 806 F.2d 1451, 1453 (9th Cir.1986). The Monfortons are taxpayers within the meaning of the Code and are subject to federal income tax as provided under the Code. See In re Becraft, 885 F.2d at 548; Grimes, 806 F.2d at 1453