76 F.3d 389
 76 A.F.T.R.2d 95-8026, 77 A.F.T.R.2d 96-638
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America; Joseph Eidelberg, Officer of the
IRS, Plaintiffs-Appellees,
v.
Douglas B. HOOPER, Defendant-Appellant.
 No. 95-35565.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1995.*
Decided Dec. 11, 1995.
 
 Before: SNEED, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Douglas B. Hooper appeals pro se the district court's order enforcing the Internal Revenue Service's ("IRS") summons to appear before an IRS officer and produce documents and records related to Hooper's federal income tax liability for the period from July 1, 1994 to December 15, 1994. Hooper contends that the IRS lacks jurisdiction over him and that the summons was improperly served. We have jurisdiction under 28 U.S.C. § 1291. We review for clear error, United States v. Derr, 968 F.2d 943, 945 (9th Cir.1992), and affirm.
 
 
 3
 The IRS may issue a summons for production of information relevant to "determining the liability of any person for internal revenue tax." I.R.C. § 7602(a). In order to establish a prima facie case for enforcement of a summons, the government must show that, (1) the summons was for a legitimate purpose, (2) the material being sought was relevant to the investigation, (3) the information was not already in the IRS's possession, and (4) the administrative steps required by the Internal Revenue Code have been followed. See United States v. Powell, 379 U.S. 48, 57-58 (1964); United States v. Saunders, 951 F.2d 1065, 1067 (9th Cir.1991). The burden on the IRS is "minimal." United States v. Abrahams, 905 F.2d 1276, 1280 (9th Cir.1990).
 
 
 4
 Hooper does not contest the district court's findings that the IRS made the required showing under Powell. See id.; see also Derr, 968 F.2d at 945. Instead, Hooper attempts to show that the summons was somehow deficient.
 
 
 5
 Hooper claims that the IRS has no authority under title 27 or 26 of the United States Code to issue a summons, and that an IRS agent, as a party to the action, cannot serve a summons. Hooper is incorrect. First, I.R.C. § 7602 gives the IRS broad power to issue summons to investigate tax liability. See Derr, 968 F.2d at 946-47. Furthermore, the Commissioner of the IRS has redelegated the authority to issue and serve summons to Revenue Agents. See id.; see also United States v. Samuels, Kramer & Co., 712 F.2d 1342, 1345 (9th Cir.1983) ("The IRS is free to serve, without prior judicial approval, a direct summons on any person if the summons is necessary to facilitate the investigation of that person's tax liability."). The requirements of Fed.R.Civ.P. 4 concerning service of a civil summons do not apply to an IRS summons. See United States v. Gilleran, 992 F.2d 232, 233 (9th Cir.1993). Similarly frivolous is his claim that a summons could not be issued because title 26 has not been enacted into "positive law." See Ryan v. Bilby, 764 F.2d 1325, 1328 (9th Cir.1985).
 
 
 6
 Hooper's remaining claims are similarly without any merit. There is no requirement that the IRS show that Hooper has a tax liability before issuing a summons. Once again, the IRS has the authority to issue a summons to investigate Hooper's tax liability. See I.R.C. § 7602; Saunders, 951 F.2d at 1067. The district court acquired personal jurisdiction over Hooper by service of the show cause order and the petition for enforcement of the IRS summons. See Gilleran, 992 F.2d at 233.[1]
 
 
 7
 Because the district court did not clearly err by enforcing the IRS summons, we AFFIRM. See Derr, 968 F.2d at 945.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Hooper's claim that jurisdiction of the IRS or the federal courts is lacking because he does not engage in an activity requiring him to pay taxes and that, as a member of the "sovereign body politic," he is not subject to federal income tax is frivolous. The Internal Revenue Code imposes an income tax on United States citizens who reside in the United States. See I.R.C. §§ 1-3, 63, 7701; In re Becraft, 885 F.2d 547, 548 (9th Cir.1989) ("the Supreme Court and the lower federal courts have both implicitly and explicitly recognized the Sixteenth Amendment's authorization of a non-apportioned direct income tax on United States citizens residing in the United States and thus the validity of the federal income tax laws as applied to such citizens"). The Internal Revenue Code specifies that income may be taxed "from whatever source derived." I.R.C. § 61. Hooper is a taxpayer within the meaning of the Code and is subject to federal income tax as provided under the Code for the compensation he derives from his printing job. See In re Becraft, 885 F.2d at 548; see also United States v. Romero, 640 F.2d 1014, 1016 (9th Cir.1981) (rejecting as "fatuous as well as obviously incorrect" taxpayer's claim that he is not a person and did not receive income under the Internal Revenue Code)