116 F.3d 1482
 79 A.F.T.R.2d 97-3127, 97-2 USTC P 50,505
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Raymond CERMAK and Judith Cermak, Plaintiffs-Appellants,
v.
UNITED STATES of America and Internal Revenue Service,
Defendants-Appellees.
 No. 96-2933.
 United States Court of Appeals, Seventh Circuit.
 June 5, 1997.*
 
 Appeal from the United States District Court for the Southern District of Illinois, Benton Division, No. 96 C 4213, J. Phil Gilbert, Judge.
 CUMMINGS, BAUER, WOOD, Circuit Judges.
 
 ORDER
 
 1
 Raymond and Judith Cermak failed to file federal income tax returns for the years 1992, 1993 and 1994. The IRS assigned Revenue Agent Ted Knapp to investigate their tax liabilities for those years. Knapp issued an administrative summons pursuant to 26 U.S.C. §§ 7602, 7609 to Boatmen's Bank of Mt. Vernon, the Cermaks' bank, to produce various financial records relating to the Cermaks. The Cermaks filed a petition to quash the summons, see 26 U.S.C. § 7609(b), which the district court denied. This appeal followed.
 
 
 2
 On appeal, the Cermaks first argue that the summons Knapp issued to Boatmen's Bank stated only that it was "[i]ssued under the authority of the Internal Revenue Code," but failed to specify under which section of the code it was issued. Accordingly, the Cermaks argue, the summons was invalid. This argument is meritless. Section 7602 gives the IRS the authority to summon witnesses and documents to verify the correctness of any tax return; § 7609 specifies the procedures to be followed in cases in which the documents summoned are in the possession of a third-party record keeper, such as a bank. Neither section requires the summons to specify the exact section of the Internal Revenue Code pursuant to which it was issued, and thus, we will not read into the statute such a requirement. See United States v. Euge, 444 U.S. 707, 711 (1980) (the IRS's authority to issue summonses "should be upheld absent express statutory prohibition or substantial countervailing policies"); see also United States v. Arthur Young & Co., 465 U.S. 805, 816 (1984) ("[T]he very language of § 7602 reflects ... a congressional policy choice in favor of disclosure of all information relevant to a legitimate IRS inquiry. In light of this explicit statement by the Legislative Branch, courts should be chary in recognizing exceptions to the broad summons authority of the IRS.").[1]
 
 
 3
 The Cermaks next contend that Agent Knapp has not been delegated the authority to issue summonses under § 7602. They argue that § 7602 authorizes the Secretary of the Treasury to issues summonses, and that the Secretary has delegated that authority to the Commissioner of the Internal Revenue Service pursuant to 26 C.F.R. § 301.7602-1(b). According to the Cermaks, the delegation of authority under § 7602 stops there, and hence, Agent Knapp had no authority to issue the summons. Not so: the Commissioner has, in turn, delegated the authority to issue summonses to revenue agents, such as Agent Knapp. See IRS Delegation Order No. 4 (Rev.20), 55 Fed.Reg. 7626 (1990).[2] United States v. Derr, 968 F.2d 943, 947 (9th Cir.1992); see also Codner v. United States, 17 F.3d 1331, 1333 (10th Cir.1994).[3]
 
 
 4
 The Cermaks' third argument is that the summons Knapp issued was invalid because it was not signed under the penalties of perjury, as required by 26 U.S.C. § 6065. Section 6065 states:
 
 
 5
 [A]ny return, declaration, statement or other document required to be made under any provision of the internal revenue laws ... shall contain or be verified by a written declaration that it is made under the penalties of perjury.
 
 
 6
 26 U.S.C. § 6065. The Cermaks would have us read out of § 6065 the phrase "required to be made" and thereby apply that section to any document made under any provision of the internal revenue laws. This we cannot do. Congress limited the applicability of § 6065 to only those documents "required to be made" under the internal revenue laws, and we must give effect to Congress's intent. The phrase "required to be made" limits the applicability of § 6065 to documents that must be filed with the IRS, and not documents issued by the IRS. Morelli v. Alexander, 920 F.Supp. 556, 558 (S.D.N.Y.1996). The Internal Revenue Code does not require the IRS to issue any summonses at all; it merely authorizes the IRS to do so. Accordingly, a summons under § 7602 is not a document "required to be made" under the Internal Revenue Code, and hence, § 6065 is not applicable to this case.[4]
 
 
 7
 The Cermaks next submit that under the Right to Financial Privacy Act, 12 U.S.C. §§ 3401-22, the IRS was not entitled to summon their financial records. But 12 U.S.C. § 3413(c) clearly states that "[n]othing in this chapter prohibits the disclosure of financial records in accordance with procedures authorized by Title 26." The Cermaks submit that § 3413(c) requires the IRS to comply with the requirements of § 7602 and § 7609 before a bank may disclose their financial records. But we have already rejected all of the Cermaks' challenges to the propriety of the summons issued to Boatmen's Bank, and thus, under § 3413(c), the IRS was entitled to access to the Cermaks' financial data.
 
 
 8
 Finally, the Cermaks argue that a summons issued under § 7602 and § 7609 is not self-enforcing, and that Boatmen's Bank was therefore not obligated to comply with the summons. Presumably, they mean that Boatmen's Bank could not comply with the summons absent a court order: The bank has already complied with the IRS's summons, and thus, if the Cermaks are contending only that compliance with a third-party summons is optional absent a court order, their argument would be irrelevant because the bank has chosen to comply with the summons. In any case, the Cermaks are incorrect. Section 7602 states:
 
 
 9
 [T]he Secretary is authorized ... to summon ... any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax ... to appear before the Secretary ... to produce such books, papers, records, or other data....
 
 
 10
 26 U.S.C. § 7602(a)(2). By its own terms, § 7602 is self-enforcing. In the case of a third-party summons, § 7609 entities persons identified in the summons (in this case, the Cermaks) to notice of the summons and the right to petition a district court to quash the summons. In such a proceeding to quash the summons, the Secretary may, in response, seek to compel compliance with the summons. 26 U.S.C. § 7609(b)(2)(A). But absent a proceeding to quash the summons under § 7609(b), the summons is self-enforcing, and the Secretary did not need to petition the court to compel compliance with the summons.
 
 
 11
 The Cermaks make various other arguments (in the form of rhetorical questions) which do not merit discussion.
 
 
 12
 Finally, we deem this appeal to be frivolous. Accordingly, we believe that a $2,000 sanction may be warranted. See Cohn v. Commissioner, 101 F.3d 486 (1996) (per curiam). We therefore direct the Cermaks to show cause why they should not be sanctioned for filing this appeal. Fed. R.App. P. 38; Cir. R. 38. They have 14 days to file a response.
 
 
 13
 AFFIRMED; ORDER TO SHOW CAUSE ISSUED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 The Cermaks state in their reply brief that they are not arguing that the summons must identify the section of the Internal Revenue Code under which it was issued in order to be valid; rather, they claim that "there was no summons[ ] issued under § 7602." Moreover, they maintain that Knapp issued the summons pursuant to 26 U.S.C. § 7608. They then submit that because Knapp is not an investigator in the Intelligence Division or the Internal Security Division of the IRS, he lacked the authority to issue a summons under § 7608. See 26 U.S.C. § 7608(b)
 The Cermaks provide no explanation for their conclusion that the summons was issued pursuant to § 7608. They state only that the phrase " 'issued under [the] authority of the Internal Revenue Code' ... would include Internal Revenue Code § 7608(a).... " This argument makes no sense. The Cermaks may not choose under which section of the Internal Revenue Code Knapp issued the summons simply because the summons does not explicitly state that it was issued pursuant to § 7602. Agent Knapp lawfully could--and did--issue the summons in this case pursuant to § 7602.
 
 
 [2]
 Because the summons in this case was issued to a third-party, Knapp was first required to receive the approval of his supervisor before he could issue the summons. See Delegation Order No. 4. § 1(d)(3). Knapp did so: the summons is counter-signed by Knapp's supervisor, Richard Knowles
 
 
 [3]
 Delegation Order No. 4 relies on Department of Treasury Order 150-10 for its authority. According to the Cermaks, Order 150-10 is itself invalid, thereby invalidating Delegation Order No. 4
 The Cermaks first submit that Order 150-10 was not properly signed by the Secretary of the Treasury. However, they do not direct our attention to any statute requiring an internal Treasury Department directive to be signed by the Secretary in order to be effective. Moreover, to substantiate their claim that Order 150-10 was not properly signed, they submitted to the district court a "certified true copy" of the order. This copy bears the notation "/s/ Donald T. Regan, Secretary of the Treasury" rather than Secretary Regan's actual signature. Significantly, this document does not purport to be a photocopy of the original order. It is certified true as to its content, but not as to the signature (or lack thereof) at the bottom. Accordingly, the absence of the Secretary's signature from this copy is meaningless.
 They also contend that a notation at the bottom of their copy of Order 150-10 conflicts with the date at the top, thereby somehow calling the validity of the order into doubt. The notation reads "TD F 80-01.7 (11-85)"; the order is dated April 22, 1982. According to the Cermaks, the "11-85" at-the bottom refers to November 1985, and thus contradicts the date at the top. This argument is ludicrous. The notation is in a different font and type size from the order, and is clearly not a part of the order. There is no indication within the order itself, nor do the Cermaks offer any evidence, that the notation at the bottom purports to be the date on which Order 150-1 0 was authorized.
 Finally, other courts which have considered the validity of Treasury Order 150-10 have found it to be valid. See, e.g., United States v. Upton, 841 F.Supp. 40 (D.Conn.1993); Hatcher v. United States, 733 F.Supp. 218 (M.D.Pa.1990); Stamos v. Commissioner, 95 T.C. 624, 1990 WL 199493 (1990), aff'd, 956 F.2d 1168 (9th Cir.), cert denied, 506 U.S. 873 (1992). We see no reason to disagree with these courts. Accordingly, we hold that Treasury Order 150-10 is valid, and thus, Delegation Order No. 4 is valid.
 
 
 [4]
 The Cermaks also contend that 26 U.S.C. § 6020(b) somehow relates to the validity of the summons at issue in this case. That section concerns the Secretary's authority to prepare and execute a tax return on behalf of a taxpayer who refuses to file one. The Cermaks seem to argue that under § 6020, the Secretary is obligated to sign a substituted tax return, and because the Secretary has not yet signed a substituted tax return for them under § 6020, a return authorized by that section is not "required."
 We are at a loss to understand what bearing § 6020 has on this case. Whether the Secretary has or will execute a tax return on behalf of the Cermaks has no relevancy to the validity of the summons issued to Boatmen's Bank. In any event, the Cermaks did not raise this argument in the district court, and accordingly, it is waived on appeal. Hickey v. Chicago Truck Drivers, 980 F.2d 465, 470 (7th Cir.1992).